# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |
| RUBY TUESDAY, INC., | ) | Adv. Case No. 20-51048-JTD |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 434 KING STREET, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING FIRST CLAIM FOR RELIEF ASSERTED IN COMPLAINT FOR DECLARATORY RELIEF

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

Plaintiff, Ruby Tuesday, Inc. (the "**Debtor**"), one of the debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully moves the Court by way of this *Motion for Partial Summary Judgment Regarding First Cause of Action Asserted in Complaint for Declaratory Relief* (the "**Motion**") for entry of an order, in substantially the form attached hereto as **Exhibit A**, granting partial summary judgment in favor of the Debtor as to its First Claim for Relief asserted in its *Complaint for Declaratory Relief* (the "**Complaint**") against 434 King Street, LLC (the "**Defendant**") for a declaratory judgment that, as a result of the COVID-19 pandemic and related governmental regulations, the force majeure provision of the parties' lease provides for an abatement of rents as a matter of law.[2]

The Debtor is the lessee of commercial real property located in Summerville, South Carolina, that operates as a Ruby Tuesday® restaurant (the "**Restaurant**"). By the Complaint, the Debtor seeks an abatement of its rental payments under its lease with the Defendant (the "**Lease**"), based on the global COVID-19 pandemic and the imposition of governmental regulations, recommendations, or orders related to the COVID-19 pandemic (the "**Government Regulations**") that have had a devastating impact on the Debtor's ability to operate the Restaurant, until such Government Regulations have been lifted and to reflect the extent and duration of such forced governmental closures and limitations on the Debtor's operations. Such relief is necessary to protect the Debtor's rights under its Lease with the Defendant – which expressly provides that performance is excused during a force majeure event – and to support the Debtors' ability to successfully reorganize in these Chapter 11 Cases.

---

[2] By the Motion, the Debtor seeks a summary determination of the legal issue that the force majeure provision of the parties' lease provides for the abatement of rents. The Motion does *not* seek a summary determination of the amount of abatement that is appropriate under the circumstances. Rather, the appropriate amount of abatement will be subject to proof at trial.

The Chapter 11 Cases were commenced during the unprecedented global pandemic caused by the outbreak of the novel coronavirus disease (COVID-19) that has infected millions of people around the world, killed nearly 300,000 people in the United States as of the date of filing of this Motion, and disrupted daily social and economic life. Beginning in the early spring of 2020, restaurants throughout the world were negatively affected by the COVID-19 pandemic, many to the point of permanent closure. The lack of predictability in the spread of the virus coupled with the necessary responses of governments to try and limit exposure by preventing gatherings has eviscerated the restaurant industry, including the Ruby Tuesday® restaurant chain, whose business model largely depends on providing social environments for people to meet and enjoy dining out. Government actions such as mandated restaurant closures, mandated mall closures, shelter in place orders, carry-out only orders, reduced hour orders, and social distancing/self-quarantining orders and guidance created a situation whereby the Debtors' revenues dropped so substantially that they could no longer sustain their normal operating costs. Rental obligations, as a fixed expense, were particularly difficult to manage since they were not reduced in line with revenue deterioration.

For the period from March 17, 2020 until May 11, 2020, the COVID-19 pandemic and attendant Government Regulations mandated the closure of the Restaurant's dining room to all patrons. During this period, the Restaurant was only permitted to serve customers on a delivery or carry-out basis. From May 11, 2020, the Restaurant has been allowed to offer dining room services, but only under strict capacity and other restrictions mandated by the Government Regulations which significantly affected the Debtor's ability to sustain its operations.

The COVID-19 pandemic and related Government Regulations triggered the force majeure provision of the Lease (the "**Force Majeure Provision**") that expressly relieves the Debtor of its rent obligations under the Lease, as follows. "Lessor and/or Ruby Tuesday shall be excused for the period

3

of any delay and shall not be deemed in default with respect to the performance of any of the terms, covenants, and conditions of this Lease when prevented from so doing by cause or causes beyond the Lessor's and/or Ruby Tuesday's control, which shall include, without limitation, all labor disputes, governmental regulations or controls, fire or other casualty, inability to obtain any material, services, acts of God, or any other cause, whether similar or dissimilar to the foregoing, not within the control of the Lessor and/or Ruby Tuesday."

Accordingly, by the Motion, the Debtor requests that the Court enter an order granting the Debtor's request for partial summary judgment on the First Claim for Relief of the Complaint, for a declaratory judgment that, as a matter of law, the Force Majeure Provision provides for the abatement of the Debtor's rent payments for the Restaurant from the date that the Government Regulations went into effect until such time as they are lifted, with the amount of such abatement to be proven at trial.

The Motion is made pursuant to FED. R. CIV. P. 56, FED. R. BANKR. P. 7056, L.B.R. 7007-1 and 7007-2. In support of the Motion, the Debtor has filed, concurrently herewith, (1) the *Debtor's Opening Brief in Support of Motion for Partial Summary Judgment Regarding First Claim for Relief Asserted in Complaint for Declaratory Relief*, (2) the *Appendix of Exhibits in Support of Debtor's Motion for Partial Summary Judgment Regarding First Claim for Relief Asserted in Complaint for Declaratory Relief*, and (3) the *Declaration of Shawn Lederman in Support of Debtor's Motion for Partial Summary Judgment Regarding First Claim for Relief Asserted in Complaint for Declaratory Relief*.

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion in its entirety, by entry of an order, in substantially the form attached hereto as **Exhibit A**, and grant the Debtor such other and further relief as the Court deems just and proper.

Dated: December 21, 2020        PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Alan J. Kornfeld (CA Bar No. 130063)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: rpachulski@pszjlaw.com
       akornfeld@pszjlaw.com
       mpagay@pszjlaw.com
       joneill@pszjlaw.com

Counsel to the Debtors and Debtors in Possession