# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |
| RUBY TUESDAY, INC., | ) | Adv. Case No. 20-51048-JTD |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 434 KING STREET, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER GRANTING DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING FIRST CLAIM FOR RELIEF ASSERTED IN COMPLAINT FOR DECLARATORY RELIEF

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

Upon the *Motion for Partial Summary Judgment Regarding First Cause of Action Asserted in Complaint for Declaratory Relief* (the "**Motion**")[2] filed by Ruby Tuesday, Inc. (the "**Debtor**"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases, seeking an order granting partial summary judgment in favor of the Debtor as to its First Claim for Relief asserted in its *Complaint for Declaratory Relief* (the "**Complaint**") against 434 King Street, LLC. (the "**Defendant**"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (O); (c) notice of the Motion and the hearing was sufficient and proper; and (d) the Court having determined that the bases set forth in the Motion establish just cause for the relief granted herein; and it appearing to the Court that the Motion should be approved,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Partial summary judgment is granted in favor of the Debtor as to its First Claim for Relief asserted in its Complaint against Defendant for a declaratory judgment that, as a result of the COVID-19 pandemic and Governmental Regulations, the Force Majeure Provision of the Lease provides for an abatement of the Debtor's rent payment obligations at the Restaurant based on the limitations imposed by the Government Regulations, as a matter of law.

3. The amount of such abatement shall be determined in the Quantifying Phase.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

5. The Debtors are authorized to take such additional steps as may be reasonably necessary to implement the terms of this Order.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____

                                             UNITED STATES BANKRUPTCY JUDGE